**GREEN PARTY OF ARKANSAS,
Sarah Marsh, and Mark
Swaney Plaintiffs**

v.

**Sharon PRIEST, in her official capacity as Secretary of State of the State of Arkansas Defendant**

**No. 4:01CV00586 GH.**

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 17, 2001.

John L. Burnett, Lavey & Burnett, Little Rock, Bryan Sells, Laughlin McDonald, Neil Bradley, ACLU Foundation, Inc., Atlanta, GA, for plaintiff.

Mark Pryor, Arkansas Attorney General, By Jeff Priebe, Assistant Attorney General, Little Rock, for defendant.

## MEMORANDUM OPINION AND ORDER

HOWARD, District Judge.

The Court heard oral argument based on the parties' joint stipulation of fact at a merged hearing on plaintiffs' motion for preliminary injunction and the trial on the merits on September 13th.[1] At the close of argument, the Court made a tentative ruling to be followed by this written opinion. The Court now adopts the parties' September 12th joint stipulation as its findings of fact:

1. This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution. The plaintiffs seek declaratory and injunctive relief prohibiting the defendant from failing to include the nominee of the Green Party of Arkansas on the ballot in the special election to be held November 20, 2001, in the Third Congressional District. At issue in this lawsuit is Arkansas Code Annotated § 7-7-205(a).

2. Plaintiff Green Party of Arkansas is an unincorporated voluntary political association of Arkansas citizens, affiliated with the Association of State Green Parties, who seek to associate and express their political views through the party's access to the ballot as an officially recognized party in the State of Arkansas.

3. Plaintiff Sarah Marsh is the Green Party candidate for United States Representative in the Third Congressional District. She was duly nominated according to party bylaws at a convention held September 1, 2001.

4. Plaintiff Mark Swaney is a qualified elector residing in the Third Congressional District. He is a member of the Green Party of Arkansas and wishes to vote for a Green Party candidate in the November special election and in future elections.

5. Defendant Sharon Priest is the Arkansas Secretary of State and is charged by statute with the certification of candidates and political parties. She is sued in her official capacity only.

6. The defendant, both personally and through the conduct of her agents, servants and employees, was and is acting under color of state law at all times relevant to this action.

7. On May 9, 2001, President George W. Bush announced his intention to nominate · Representative Asa Hutchinson of the Third Congressional District of Arkansas to be Administrator of the Drug Enforcement Administration.

8. Representative Hutchinson was confirmed by the Senate on August 2,

---

1. By order filed on September 10th, the Court merged the hearing on the motion for preliminary injunction with the trial on the merits pursuant to Civil Procedure Rule 65(a)(2).

2001, and his resignation from Congress became effective on August 6, 2001.

9. On August 8, 2001, Arkansas Governor Mike Huckabee declared a vacancy in the Third Congressional District and called for a special election to be held on November 20, 2001. At the same time, he called for special primaries in the Democratic and Republican parties to be held on September 25, 2001, with special runoff elections, if necessary, to be held on October 16, 2001. He further set a deadline of October 26, 2001, by which primary ballots must be certified and candidates identified. He set August 20, 2001, at noon, as the date by which any independent candidates must have filed their notices of candidacy and nominating petitions with the Secretary of State. He set no date by which a new or emerging political party could file a petition for official recognition with the Secretary of State.

10. Official recognition not only gives a party's candidates access to the ballot but is also the only way for a political party to be listed on the ballot alongside its candidate.

11. Arkansas law requires that ballots include a party designation for candidates affiliated with recognized political parties but requires that all other candidates, regardless of their actual political affiliation, be labeled as "Independent." Ark. Code Ann. §§ 7–5–208(f)(5) & –511(f).

12. Section 7–7–205(a) of the Arkansas Code sets forth the procedure by which an unrecognized party can obtain official recognition by the Secretary of State.

13. Under Section 7–7–205(a), a party seeking recognition must file a petition with the Secretary of State containing the signatures of qualified Arkansas voters equal in number to at least three percent of the total number of votes cast for the office of Governor or presidential electors, whichever is less, at the last preceding election; however, the United States District Court for the Eastern District of Arkansas held in *Citizens to Establish a Reform Party v. Priest,* 970 F.Supp. 690, 699 (E.D.Ark.1996), that the Equal Protection Clause of the Fourteenth Amendment requires that the number of signatures required of new parties seeking recognition be the same as the number (10,000) required of independent candidates seeking ballot access under Section 7–7–103(c)(2) of the Arkansas Code.

14. Under Section 7–7–205(a), a party seeking recognition must file its petitions "no later than the first Monday in May before the general election."

15. Under Section 7–7–205(a), a party seeking recognition cannot begin to circulate its petitions until 150 days before the May deadline, which falls in early December of the year preceding a general election.

16. Arkansas only holds general elections in even-numbered years, Ark. Code Ann. § 7–5–102, and the next general election is scheduled for November 2002.

17. Accordingly, it is impossible under Arkansas law for a new or emerging political party to gain recognition in 2001 and thereby to run a party candidate in the special election to be held November 20, 2001.

18. On September 1, 2001, the Green Party of Arkansas held a conven-

tion pursuant to Section 7–7–205(c) of the Arkansas Code at which Plaintiff Marsh was duly nominated as the party's candidate for United States Representative in the special election to be held in the Third District.

19. Because the Green Party of Arkansas is not recognized as a political party by the Secretary of State, Plaintiff Marsh will not be included on the ballot in the special election.

20. If given a reasonable opportunity to do so, the Green Party of Arkansas could collect enough signatures to gain recognition as a political party under the laws of Arkansas.

21. Arkansas, North Dakota and Texas are the only states in which it is virtually impossible for a new political party or emerging political party to have its nominee appear on the ballot with an accurate and informative party label in an odd-year election. Furthermore, the issue never arises in Texas, since in Texas all special elections are always non-partisan. The other 47 states have one of two types of procedure which make it possible for new or emerging parties to participate (with the party label) in odd-year elections. Twenty-five states permit a candidate who uses the independent candidate procedure to choose a partisan label other than the word "independent," and this label appears on the petition and on the general election ballot. Alternatively, 37 states permit a group to transform itself into a qualified party by completing some task (such as petition), and permit this task to be carried on and completed in an odd year. In a few states, both alternatives exist in the law.

After considering the arguments presented in the parties' briefs as well as their oral argument as applied to the above findings of fact, the Court now makes the following conclusions of law:

1. A real and actual controversy exists between the parties.

2. This Court has original jurisdiction over this action pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3). This suit is authorized by 42 U.S.C. § 1983. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. § 1391(b).

3. The United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), has adopted a special balancing test for evaluating claims against state election laws, all of which inevitably affect the fundamental rights of political parties, candidates and voters:

[A court] must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights.

Under this test, the level of scrutiny varies on a sliding scale with the extent of the asserted injury. When, at the low end of that scale, the law "imposes only 'reasonable, nondiscriminatory restric-

tions' upon the First and Fourteenth Amendment rights of voters, the 'State's important regulatory interests are generally sufficient to justify' the restrictions." *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. at 788, 788–89 n. 9, 103 S.Ct. 1564). But when the law places "severe" burdens on the rights of political parties, candidates or voters, "the regulation must be 'narrowly drawn to advance a state interest of compelling importance.'" *Id.* at 434, 112 S.Ct. 2059 (quoting *Norman v. Reed*, 502 U.S. 279, 289, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992)).

4. Arkansas's party recognition scheme burdens "two different, although overlapping kinds of rights—the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively. Both of these rights, of course, rank among our most precious freedoms." *Williams v. Rhodes*, 393 U.S. 23, 30–31, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). The scheme also burdens the fundamental "right of citizens to create and develop new political parties." *Norman v. Reed*, 502 U.S. at 288, 112 S.Ct. 698.

5. In addition, the Supreme Court, has observed that "the right to form a party for the advancement of political goals means little if a party can be kept off the election ballot and thus denied an equal opportunity to win votes. So also, the right to vote is heavily burdened if that vote may be cast only for one of two parties at a time when other parties are clamoring for a place on the ballot." *Williams v. Rhodes*, 393 U.S. at 31, 89 S.Ct. 5.

6. The burdens imposed by Arkansas's party recognition scheme are sufficiently severe to require the application of strict scrutiny. Indeed, these burdens make it impossible for new and emerging political parties to gain recognition in odd-numbered years in time to participate in any special elections that might occur.[2] As a result, Arkansas's party recognition scheme must be narrowly drawn to advance a compelling state interest.[3]

7. The State has no compelling interest in allowing unrecognized parties to participate in some elections but not others. Such arbitrary restrictions on political participation fail even the test of rationality. Because Arkansas's party recognition scheme serves no compelling (or legitimate) state purpose, it fails the strict scrutiny test and cannot stand.

8. The plaintiffs are suffering irreparable harm as a result of Arkansas's party recognition scheme, and that

---

**2.** Yet, in its September 13th brief at p. 7, defendant argues that "[e]ven though this special election was unknown and unforeseen during last year's general election, the Green Party had every opportunity to become a recognized political party last year."

**3.** Defendant, again in her brief at pp. 7 and 11, identified the State's interest as requiring a political party's candidate "to show a sufficient modicum of support before his/her name is placed on the ballot" to avoid a confusing and lengthy ballot as "[v]oters may have no knowledge as to what the Green Party is, what their stance is on the important issues, and have no idea how the candidate or the party was placed on the ballot." Of course, as stipulated by defendant, "given a reasonable opportunity to do so, the Green Party of Arkansas could collect enough signatures to gain recognition as a political party under the laws of Arkansas."

harm will continue unless declared unlawful and enjoined by this Court.[4]

9. The plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

Accordingly, it is hereby ordered and declared as follows:

1. To the extent that it fails to provide unrecognized political parties with a meaningful opportunity to participate in special elections, Arkansas's party recognition scheme, as set forth in Ark. Code Ann. § 7–7–205(a), violates rights guaranteed by the First and Fourteenth Amendments to the United States Constitution of freedom of speech and association, due process and equal protection.

2. To the extent that she enforced the unconstitutional provisions of Arkansas's party recognition scheme, the Secretary of State deprived the plaintiffs of rights guaranteed to them by the First and Fourteenth Amendments to the United States Constitution.

3. Defendant Priest, in her official capacity as Secretary of State, together with her agents, servants and employees, and all persons in active concert or participation with her, are permanently enjoined from failing to include the nominee of the Green Party of Arkansas on the ballot in the special election to be held November 20, 2001, in the Third Congressional District.

4. The plaintiffs, as the prevailing parties, are hereby awarded their costs and reasonable attorney's fees under 42 U.S.C. § 1988. In order to permit the parties sufficient time to try to reach a stipulation as to the amount of costs and reasonable attorney's fees to be awarded, the Court will extend the 14–day period provided for under Local Rule 54.1(a) for an additional ten days.

### JUDGMENT

In accordance with the separate memorandum opinion and order filed this date, judgment is hereby entered in favor of plaintiffs and it is ordered and declared that:

1. To the extent that it fails to provide unrecognized political parties with a meaningful opportunity to participate in special elections, Arkansas's party recognition scheme, as set forth in Ark. Code Ann. § 7–7–205(a), violates rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

2. To the extent that she enforced the unconstitutional provisions of Arkansas's party recognition scheme, the Secretary of State deprived the plaintiffs of rights guaranteed to them by the First and Fourteenth Amendments to the United States Constitution.

3. Defendant Priest, in her official capacity as Secretary of State, together with her agents, servants and employees, and all persons in active concert or participation with her, are permanently enjoined from failing to include the nominee of the Green Party of Arkansas on the ballot in the special election to be held November 20, 2001, in the Third Congressional District.

4. The plaintiffs, as the prevailing parties, are hereby awarded their costs and reasonable attorney's fees under 42 U.S.C. § 1988.

---

4. During argument, defendant stated "[w]e don't know whether they [plaintiffs] will suffer irreparable harm or not."